THOMAS *v.* STATE.

Opinion delivered May 30, 1921.

1.   PERJURY—INDUCING WIFE TO MAKE FALSE AFFIDAVIT.—One who induces his wife to make a false affidavit is not guilty of perjury, as defined by Crawford & Moses' Digest, §§ 2588-9, though he might be guilty of subornation of perjury as defined by § 2592, *Id.*, by inducing her to commit wilful and corrupt perjury.

2. PERJURY—SUBORNATION OF PERJURY.—One who induced his wife
to make a false affidavit was not guilty of subornation of perjury,
under Crawford & Moses' Digest, § 2592, unless the wife knew
the statements in the affidavit were false.

Appeal from Lincoln Circuit Court; *W. B. Sorrells,*
Judge; reversed.

*H. K. Toney* and *DeWoody Lyle,* for appellant.

1. The motion for new trial should have been granted,
as the verdict was not responsive to the law and the evi-
dence. Defendant, under the facts, could neither be in-
dicted as an accessory or principal for the crime of per-
jury; if guilty at all, it was subornation of perjury. 27
Ark. 275; 96 *Id.* 62; 102 *Id.* 594; 104 *Id.* 245; 108 *Id.* 450.
The decision in 102 Ark. 596 is conclusive of this case and
settles that the court erred in giving instructions asked
by the State and refusing those asked by defendant.

2. It was error to admit a letter directed to the
Belt Automobile Ins. Ass'n, purporting to have been
signed by Mrs. Virginie Thomas, as there was nothing
to show that she wrote it.

*J. S. Utley,* Attorney General, *Elbert Godwin* and
*W. T. Hammock,* Assistants, for appellee.

1. Under § 2311, C. & M. Digest, defendant was
guilty, as he was *present,* aiding and abetting his wife in
making the affidavit. 1 Bishop, Cr. Law, § 803; 7 Car. &
P. 881; 108 Ark. 447; 102 *Id.* 245. See, also, Kirby's
Dig., § 1561; 37 Ark. 274; 41 *Id.* 173; 50 *Id.* 313; C. & M.
Dig., §§ 2588, 2592, 2304. Appellant, under these author-
ities, was guilty of commanding his wife to commit the
crime, and he was as guilty as if he had himself com-
mitted the crime. 13 R. C. L. 1237.

2. There is no error in the instructions, and no error
in admitting or refusing to admit testimony. The testi-
mony sustains the verdict and is conclusive, as there are
no errors of law.

SMITH, J. Appellant Lee Thomas was tried and con-
victed under an indictment charging him with the crime

of perjury. The indictment alleges that he falsely, wilfully and corruptly made affidavit before a notary public that a certain automobile, owned by his wife, had been stolen, when in truth and in fact it had not been stolen, and the false affidavit was made for the purpose of collecting certain insurance against the theft of the car.

The testimony in the case shows that Thomas did not make the affidavit, but that it was made by his wife in his presence. Thomas admits the recitals of the affidavit were false, and that he knew they were false, but he says his purpose was to deceive his wife about the car and make her believe it had been stolen. The testimony tended to show that Mrs. Thomas did not know the recitals in the affidavit she made were false.

At the trial the court charged the jury that "it is not necessary to sustain a conviction that the defendant be present at every step of the commission of the crime, but if the defendant was present at any time and while present aided or assisted, encouraged or being present consented to its commission, then he would be guilty."

The court refused to give an instruction requested by appellant which told the jury that a conviction could not be had unless the affiant, Mrs. Virgie Thomas, appellant's wife, knew that the car had not been stolen at the time she made the affidavit.

It is apparent from the instruction given and the one refused that the cause was submitted upon the theory that, if appellant had induced his wife to make a false affidavit in regard to the theft of the car, and was present when the affidavit was made, he was as guilty of the crime of perjury as he would have been if he had himself made the false affidavit. Appellant was not indicted as having coerced his wife, in his presence, to commit the crime of perjury.

We think a fundamental error was made in the trial of the cause. Under the laws of this State one who himself swears falsely and corruptly, commits the crime of perjury. If he induces another to do so, he commits the

crime of subornation of perjury. These are distinct offenses and are separately defined in our statutes.

The definition of perjury as contained in sections 2588 and 2589 of C. & M. Digest is as follows:

"Section 2588. Perjury is the wilful and corrupt swearing, testifying or affirming falsely to any material matter in any cause, matter or proceeding before any court, tribunal, body corporate or other officer having by law authority to administer oaths.

"Section 2589. The wilful and corrupt swearing, affirming or declaring falsely to any affidavit, deposition or probate authorized by law to be taken before any court, tribunal, body politic or officer shall be deemed perjury."

Subornation of perjury is defined in section 2592 as follows:

"Section 2592. Subornation of perjury is the procuring of any other person, by any means whatsoever, to commit any wilful and corrupt perjury in any cause, matter, proceeding, affidavit, deposition or probate in or concerning which such other person shall be legally sworn, affirmed or declared."

Appellant's offense, under the State's testimony, consisted in inducing his wife to make a false affidavit, and that offense is not perjury, but is subornation of perjury.

The conviction must, therefore, be reversed, because appellant has been convicted upon a charge for which he was not indicted.

Inasmuch as the cause is to be remanded, and appellant may be reindicted for the offense of subornation of perjury, we take occasion to say that the instruction requested by him set out above should be given when he is placed upon his trial for subornation of perjury.

In 21 R. C. L., p. 276, it is said: "Subornation of perjury is the crime of procuring another to commit perjury either by inciting, instigating or persuading the guilty party to do so. It is necessary that the perjury

be actually committed to complete the crime. The suborner must also be aware that the person suborned intended to commit perjury.'' A similar statement of the law is found in Wharton's Criminal Law, vol. 2 (11 ed.), § 1593; 30 Cyc. 1423; vol. 21, Standard Enc. of Procedure, 328.

Such is the necessary meaning of section 2592 of C. & M. Digest set out above. It is not sufficient that the suborner procures another person to testify falsely; but the requirement of the statute is for the person procured, ''by any means whatsoever, to commit any wilful and corrupt perjury,'' that is the person swearing must know the fact sworn to is false.

The judgment of conviction will, therefore, be reversed and the cause remanded.